IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

KRISTOPHER M. MORGAN                                                                                    PLAINTIFF

v.                                        Civil No. 5:22-CV-05183-TLB-MEF

TIM HELDER, Washington County Sheriff;
COUNTY JUDGE WOODS; GOVERNOR
ASA HUTCHINSON; STATE OF
ARKANSAS; KARAS CORRECTIONAL
HEALTH; DR. ROBERT; KELLY HINELY;
CHUCK DOMINGUEZ; JEFF MOLEN; JON
GECKHAM; JOLANA WILSON; SYDNEY
SIMMONS; THERESO ROTH; ALL
EMPLOYEES OF WASHINGTON
COUNTY SHERIFF'S OFFICE; SUMMITT
FOODS; JANET HANEY; CHLOE ROON,
Public Defender; DETECTIVE TOM
MULVANEY; JUDGE CASEY JONES;
BOWMAN, Corporal Washington County
Detention Center                                                                                             DEFENDANTS

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This is a civil rights action filed under 42 U.S.C. § 1983.  Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3), the Honorable Timothy L. Brooks, United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

Currently before the Court is Plaintiff's failure to comply with the Court's order to maintain current contact information and failure to prosecute this case.

### I.      BACKGROUND

Plaintiff filed his Complaint on September 7, 2022, generally alleging that he was denied adequate meals, proper accommodations, and access to his prescriptions at the Washington County Detention Center ("WCDC") in violation of his constitutional rights.  (ECF No. 1).

1

That same day, the Court issued an Order granting his request to proceed *in forma pauperis* (IFP) and directing him to immediately inform the Court of any change of address. (ECF No. 3). Specifically, the Order advised Plaintiff that he must inform the Court of any address change within 30 days of such a change, failing which this action would be subject to dismissal. (*Id*. at 2). This Order was returned as undeliverable with the notation "return to sender-not at facility " on September 19, 2022. (ECF No. 6). The deadline for Plaintiff to inform the Court of his new address was October 19, 2022. (*Id*.).

To date, Plaintiff has failed to inform the Court of his current address and has not otherwise communicated with the Court.

## II.    LEGAL STANDARD

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). The local rules state in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating that the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule

41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

### III. ANALYSIS

Plaintiff has failed to keep the Court apprised of his current address as required by Local Rule 5.5(c)(2). Plaintiff has also failed to comply with the Court's order requiring him to maintain updated contact information with the Court. (ECF No. 3). Thus, Plaintiff has failed to prosecute this matter.

Accordingly, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), it is recommended that Plaintiff's Complaint be dismissed without prejudice for failure to comply with the Court's Local Rules and Orders and failure to prosecute this case.

### IV. CONCLUSION

For the reasons discussed above, it is recommended that Plaintiff's Complaint (ECF No. 1) be **DISMISSED WITHOUT PREJUDICE**.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 27th day of October 2022.

/s/ *Mark E. Ford*
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE